ALUMNAE CHAPTER BETA OF CLOVIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alumnae Chapter Beta of Clovia v. Commissioner
Docket No. 1484-81X.
United States Tax Court
T.C. Memo 1983-303; 1983 Tax Ct. Memo LEXIS 488; 46 T.C.M. (CCH) 297; T.C.M. (RIA) 83303; May 26, 1983. William Scott Glew, for the petitioner. Judith M. Picken, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge James M. Gussis for opinion and decision pursuant to section 7456(c), Internal Revenue Code of 1954 and Rules 180 and 218(a), Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This is an action for declaratory judgment pursuant to section 7428. The case was submitted under Rule 122 on the basis of the stipulated administrative record. Rule 217. *490 Petitioner has satisfied all the jurisdictional requirements. See Rule 210(c). The question presented is whether petitioner qualifies as an organization described in section 501(c)(3) which is exempt from tax under section 501(a). We accept as true those facts represented in the stipulated administrative record. Only those facts necessary to our decision are set forth. Petitioner, an organization of women who are alumnae of Beta Chapter of Clovia, was incorporated September 26, 1940 pursuant to sections 7892-7897 of Mason's Minnesota Statutes. Petitioner's registered office is at 1499 Cleveland Avenue North, St. Paul, Minnesota. Petitioner has been an exempt organization under section 501(c)(7) since 1977. The active chapter of Beta of Clovia is a sorority formed in 1937 by a group of women students at the University of Minnesota for the purposes of promoting the principles of 4-H, providing housing for students and rewarding good scholarship. A high percentage of Beta of Clovia members were formerly members of 4-H organizations. The general purposes of petitioner organization, as outlined in its Articles of Incorporation, are as follows: (a) To bind together all *491 members by ties of a sincere and enduring sisterhood and to promote a spirit of sociability and good fellowship among college women. (b) To bring out the best qualities in one another by precept, example and friendly criticism. (c) To provide a means of continuing friendship and cooperation between the members of the active chapter and the members of this alumnae association. The general nature of the activities of petitioner organization is enumerated in its Articles of Incorporation as follows: (a) To provide adequate living facilities for the members of the active chapter. (b) To provide guidance and to be of assistance to the active chapter in their management and operation of the chapter house. (c) To facilitate and to encourage good scholarship. (d) To lend one another every honorable means of assistance and encouragement throughout life. (e) To promote understanding and to maintain a cooperative relationship with the University of Minnesota regarding student housing units. Petitioner's by-laws indicate its affiliation with the National Association of Clovia which was organized to maintain the ideals and preserve the traditions of 4-H among college women. *492 Petitioner owns two houses adjacent to the St. Paul campus of the University of Minnesota, one at 1499 Cleveland Avenue North and one at 1502 Raymond Avenue. The two houses provide subsidized housing for some 20 students. The Raymond Avenue house is leased to the active chapter of Beta of Clovia, serving as the chapter house, with space made available to students. Rooms in the Cleveland Avenue house are made available to students under 9 or 12 month leases. Preference is given to members of the active chapter of Beta of Clovia in renting space in the two houses. To qualify for exemption from income taxation under sections 501(a) and 501(c)(3)[2] petitioner must show that it is both organized and operated exclusively for one or more of the exempt purposes specified in section 501(c)(3). Hancock Academy of Savannah, Inc. v. Commissioner,69 T.C. 488, 491 (1977); section 1.501(c)(3)-1(a)(1), Income Tax Regs. Respondent contends that petitioner has failed to meet both the organizational and the operational tests described in the statute *493 and in the applicable regulations. We must agree. Initially, the general purposes of the petitioner organization, as enumerated in the articles of incorporation, i.e., to promote sociability and good fellowship among college women and to foster continuing friendship and cooperation between members of the active chapter of Beta of Clovia and the alumnae association (petitioner), underscore the substantial social and personal aspects of the organization rather than the charitable or educational purposes envisaged by the statute. This emphasis on the social and fraternal purposes of the organization, with nothing more would disqualify petitioner under the organizational test. Moreover, when we examine the operation of petitioner organization, we note that it provides subsidized housing for members of the Beta of Clovia organization who were students and members of the active chapter of Beta of Clovia and provides a chapter house for the Clovia organization. Although some housing was also *494 provided for University of Minnesota students who were not members of Beta of Clovia, the record shows that precedence was given to members of the active chapter. We believe such benefits, directed toward a narrowly designated group, viewed against the background of petitioner's avowed fraternal purposes (see B.S.W. Group, Inc. v. Commissioner,70 T.C. 352, 356-357 (1978)), compel the conclusion that the "operated exclusively" test of section 501(c)(3) has not been met. Cf. Better Business Bureau v. United States,326 U.S. 279 (1945); Copyright Clearance Center, Inc. v. Commissioner,79 T.C. 793 (1982); Presbyterian & Reformed Pub. Co. v. Commissioner,79 T.C. 1070 (1982). In an analogous case, Phinney v. Dougherty,307 F.2d 357 (5th Cir. 1962), involving an organization whose predominant activity was to provide and maintain a fraternity house, the Court in concluding that the organization was not organized and operated exclusively for educational purposes under the statute, stated at page 361 that "[t]he purpose of serving the purely social purposes of the fraternity cannot be said to be *495 minor and incidental to its broader educational purposes." Petitioner's efforts to distinguish Phinney v. Dougherty are unpersuasive. We do not believe that Rev. Rul. 76-336, 1976-2 C.B. 143 supports petitioner. The ruling involved an organization (formed by community leaders) that provided needed student housing that was not otherwise available in the community. Furthermore, all students who attended the college were eligble to apply for residence. It also appears that the college itself provided no housing facilities because it was financially unable to do so. Under such facts, the ruling concluded that the activities of the organization were advancing education and that the organization was operated exclusively for charitable purposes and hence qualified for exemption from tax under section 501(c)(3). In view of the material factual differences in the present case we do not believe that the ruling is applicable here. Petitioner contends that the public purpose of the Clovia organization is shown by its close relationship to 4-H. While the Clovia organization is in close harmony with the purposes and ideals of the two-exempt 4-H clubs, there is no existing *496 formal affiliation.[3] It may be true that one of the purposes of the Clovia organization is to promote 4-H principles among its members and that this would conceivably be an exempt purpose. However, as the Supreme Court stated with respect to a similar statute in the Better Business Bureau case, supra,the word exclusively "plainly means that the presence of a single * * * [nonexempt] purpose, if substantial in nature, will destroy the exemption regardless of the number or importance of truly * * * [exempt] purpose." 326 U.S. at 283. See also Copyright Clearance Center v. Commissioner,supra;Presbyterian & Reformed Pub. Co. v. Commissioner,supra.
*497 We are persuaded on this record that the "organized and operated exclusively" tests of section 501(c)(3) have not been met. We must therefore sustain the respondent's determination that petitioner failed to qualify as an organization described in section 501(c)(3). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. Similarly, any references to a Rule is to the Tax Court Rules of Practice and Procedure.↩
2. Section 501(c)(3)↩ includes among exempt organizations certain entities "organized and operated exclusively for religious, charitable, scientific,… literary or educational purposes…"
3. 4-H clubs have been exempt from Federal income taxation under section 501(c)(3)↩ and its predecessor section 101(6) of the 1939 Code since 1946. In 1973 the Exempt Organizations Branch of the Internal Revenue Service ruled that all of the affiliated 4-H organizations authorized to use the 4-H emblem by the Department of Agriculture were so organized and operated under the Extension Service of the Deartment of Agriculture as to qualify them for tax exempt status within the original 1946 ruling.